MEMORANDUM **
Ted Wolfram appeals the district court’s summary judgment in favor of the Commissioner of Social Security’s denial of Wolfram’s application for disability insurance benefits under Title II of the Social Security Act. We reverse.
We review the district court’s order affirming denial of benefits by an administrative law judge (“ALJ”) de novo. Vasquez v. Astrue, 572 F.3d 586, 590 (9th Cir.2009). We may set aside the Commissioner’s denial of benefits when the ALJ’s findings are based on legal error or are not supported by substantial evidence in the record as a whole. Id. at 591. Disability claims are evaluated under the familiar five-step inquiry. 20 C.F.R. 404.1520. Here, the ALJ erred at steps two and five.
The ALJ erred at step 2 by failing to provide specific and legitimate reasons for rejecting the opinion of Wolfram’s treating physicians. Generally, more weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the claimant, Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987), and more weight to the opinion of an examining source than a nonexamining source, Pitzer v. Sullivan, 908 F.2d 502, 506 & n. 4 (9th Cir.1990). “The opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician.” Morgan v. Comm’r Soc. Sec., 169 F.3d 595, 602 (9th Cir.1999). The ALJ must provide “clear and convincing” reasons for rejecting the uncontra-dicted opinion of a treating or examining physician, and even if contradicted by another doctor, the opinion can be rejected only for specific and legitimate reasons supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).
Wolfram’s treating physicians concluded that he was totally and permanently disabled due to his IBS, diverticulosis, incontinence, and anxiety. The ALJ rejected the opinions of the treating physicians, apparently relying on the opinions of non-examining physicians and upon the claimant’s wife’s testimony of his condition in a non-stressful environment. However, the nonexamining agency physicians provided no concrete medical reason for denying the claim, and the claimant’s wife’s testimony did not address the issue of stress. Based on a careful examination of the record, we conclude that the ALJ did not provide justifiable specific, legitimate reasons for rejecting the conclusions of the treating physicians, that claimant could perform no work involving stress.
*243 The ALJ also erred at step five in constructing his hypothetical question to the vocational expert because he did not incorporate the appropriate level of stress in the question. In hypothetieals posed to vocational experts, the ALJ must only include those limitations supported by substantial evidence. Robbins v. Social Sec. Admin., 466 F.3d 880, 886 (9th Cir.2006). Yet, the ALJ is also obligated to propound a complete hypothetical question, and if the ALJ fails to do so, the answers cannot amount to substantial evidence. Id. In addition, “[i]f the record does not support the assumptions in the hypothetical, the vocational expert’s opinion has no evidentiary value.” Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir.2001).
The ALJ made two errors in constructing the hypothetical question. First, his determination of claimant’s residual functional capacity made the leap from finding claimant able to perform certain types of non-stressful work, to concluding that the claimant was only unable to perform jobs with high stress. These two standards are not equivalent. A job with medium stress is not a job with high stress, but it is also not “non-stressful work.” The ALJ simply conflated the two standards into one, that of jobs without “high stress levels,” and based his residual functional capacity conclusion on that second, less restrictive, limitation. This is contrary to the evidence provided by claimant’s treating and examining physicians that claimant could not perform stressful work, or any work, and the ALJ did not point to specific and substantial evidence in the record that supports this conflation of standards. Second, the ALJ erred in his assumption about how many bathroom breaks the claimant would require in a moderate stress situation and the claimant’s need for bathroom availability. Therefore, the vocational testimony cannot sustain the ALJ’s conclusion.
In sum, the ALJ erred at step two of the analysis by rejecting the opinion of treating physicians without providing specific, legitimate reasons for doing so, and erred at step five of the analysis by constructing an improper hypothetical question that did not take into account the claimant’s actual functional residual capacity. We must therefore reverse the judgment of the district court, with instructions to remand this case to the agency for redetermination of eligibility for benefits.
REVERSED AND REMANDED WITH INSTRUCTIONS.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.